﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/19 Archive Date: 02/25/19

DOCKET NO. 181129-899
DATE: February 26, 2019

REMANDED

Service connection for headaches is remanded. 

Service connection for left foot disability is remanded.

Service connection for left knee disability is remanded. 

Service connection for tinnitus is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the Air Force from June 1981 to June 1985 and May 1989 to January 1994. He then had Reserve service from February 1997 to February 2004 and June 2004 to June 2012.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

1. Service connection for headaches is remanded.

The issue of entitlement to service connection for headaches is remanded to correct a duty to assist error that occurred prior to the September 2018 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a May 2015 medical opinion prior to the rating decision on appeal, but the opinion does not provide an adequate rationale regarding whether the Veteran’s headaches are aggravated by his service-connected hypertension. The examiner concluded that the Veteran’s headaches were most likely sinus related and explained that if high blood pressure was to aggravate headaches, there would be medical documentation of evaluation of headaches after the diagnosis of hypertension, which there is not. The examiner appears to have missed evidence of recent treatment for headaches, including in October and November 2014 where the Veteran reported worsening severe headaches and was referred for an MRI of the brain and the Veteran’s August 2015 correspondence where he reported missing work due to headaches. A new opinion is needed.

2. Service connection for left foot disability is remanded.

Remand is necessary for the left foot claim to correct a duty to assist error that occurred prior to the September 2018 rating decision on appeal. The AOJ did not obtain a VA examination prior to the decision on appeal. However, based on the evidence associated with the claims file prior to that decision, the Board finds that a VA examination/medical opinion is required to determine whether the left foot disability is related to service.

Specifically, the Veteran contends that his current left foot disability should be service-connected because he injured the foot leaving his home to go to inactive duty training (IDT). The AOJ found that his injury did not occur during active service.

Active service is defined as active duty, as well as, any period of active duty for training (ADT) during which disability or death is incurred or aggravated by disease or injury in the line of duty, and any period of IDT, during which disability or death is incurred or aggravated by injury in the line of duty. 38 U.S.C. §§ 101(24), 106, 1110, 1131; 38 C.F.R. §§ 3.6, 3.303, 3.304; Biggins v. Derwinski, 1 Vet. App. 474, 477-78 (1991). Any individual who assumes an obligation to perform ADT or IDT and is disabled or dies from injury or covered disease incurred while proceeding directly to or returning directly from training shall be deemed to have been on ADT or IDT. 38 C.F.R. § 3.6(e). When determining whether an injury occurred while proceeding directly to or returning directly from training, VA will consider the hour on which the individual began to proceed or return, the hour on which the individual was scheduled to arrive for or ceased to perform the duty, the method of travel, the itinerary, the manner of travel, and immediate cause of disability or death. 38 C.F.R. § 3.6(e).

In his October 2014 notice of disagreement, the Veteran reported injuring his foot when he miss-stepped down the exterior steps of his house while proceeding to his car en route to the training site. He noted the injury occurred at 5:55 am. The Veteran sought treatment from a private provider on September 14, 2009 who diagnosed a closed fracture along the shaft of the fifth left metatarsal. The Veteran provided personnel records which show he was ordered to perform IDT the weekend of September 12-13, 2009. On Sunday, September 13th, sign-in took place from 5:45 to 6:10 am. The Veteran’s reports of the time and the method of travel – walking to and from the car and driving – are consistent with traveling directly to duty. The Board, therefore, finds the left foot injury occurred during active service. The evidence shows a current disability of pain, functional impairment, and Morton’s neuroma of the third toe. A medical opinion is needed to determine whether the current disability is related to the September 2009 injury.

3. Service connection for left knee disability is remanded.

The VA examiner in May and August 2014 provided a negative opinion that the Veteran’s current pain and functional impairment, classified as left knee strain, was less likely than not related to left knee prepatellar bursitis diagnosed during ADT in June 2010. The examiner explained that the prepatellar bursitis had resolved. VA obtained evidence prior to the September 2018 decision on appeal, which suggests an alternate theory of entitlement. In January 2017 treatment, the Veteran reported intermittent edema and other symptoms in the left knee since breaking his foot. As such, the left knee claim is potentially intertwined with the left foot claim. If service-connected for the left foot is granted, the AOJ should obtain a medical opinion on the possible relationship between the left foot and knee disabilities.

4. Service connection for tinnitus

The issue of entitlement to service connection for tinnitus is also remanded to correct a duty to assist error that occurred prior to the September 2018 rating decision on appeal. When the AOJ obtained the February 2016 medical opinion, the AOJ did not ensure the opinion was adequate. The examiner opined that tinnitus was less likely than not related to service because the Veteran’s MOS (military occupational specialty) had low probability for noise exposure and no hearing loss or significant shifts in hearing were noted during service. The examiner did not consider all relevant evidence of record. Specifically, she did not consider the Veteran’s report of onset of tinnitus in the late 1980s or early 1990s or slight increases of 5 decibels on his June 1988 entrance and May 1993 separation audiograms at 2000 and 6000 Hertz in the right ear and 500, 3000, and 4000 Hertz in the left ear. A new opinion is needed. 

While on remand, the AOJ should seek additional clarification from the Veteran on his reported in-service noise exposure. In May 2016 correspondence, the Veteran reported first noticing ringing in his ears during his second term of active duty from 1989 to 1994. He said he was exposed to loud noise firing M16 rifles and from jet engines on the flight line. His DD Form 214 shows he served in the Air Force and his MOS was medical laboratory craftsman. The Veteran did not explain how or when he was working on the flight line. His DD Form 214 indicates he received the Air Force Overseas Ribbon but does not identify any weapons or general training during this second period of service. Instead, his basic military training was completed in 1981. His service personnel records do not indicate any combat or hazard pay, which could verify noise exposure. 

The matters are REMANDED for the following action:

1. Obtain a new medical opinion as to whether the Veteran’s current headaches were at least as likely as not aggravated by his service-connected hypertension. If aggravation is found, the examiner should provide a baseline level of disability.

The examiner should consider all relevant lay and medical evidence, including in October and November 2014 treatment where the Veteran reported worsening severe headaches and was referred for an MRI of the brain and the Veteran’s August 2015 correspondence where he reported missing work due to headaches. All opinions must be supported by detailed rationale. If the opinion cannot be provided without resort to speculation, the examiner should explain why, and state whether the inability is due to the absence of evidence or limits of scientific/medical knowledge.

2. Schedule the Veteran for a VA examination and medical opinion for his left foot claim. The examiner should review the evidence and address the following:

a. Is the Veteran’s current left foot disability at least as likely as not related to service generally or to the September 2009 fracture injury when traveling to inactive duty training?

Consider all relevant lay and medical evidence, including the September 2009 private records. All opinions must be supported by detailed rationale. If the opinion cannot be provided without resort to speculation, the examiner should explain why, and state whether the inability is due to the absence of evidence or limits of scientific/medical knowledge.

3. Request the Veteran provide additional information as to when and how he was exposed to noise from rifle fire and jet engines in service.

4. After completing 3 above, request a medical opinion as to whether the Veteran’s tinnitus is at least as likely as not related to service generally or specifically to his second period of active duty. The examiner should consider all relevant lay and medical evidence, including consider the Veteran’s report of onset of tinnitus in the late 1980s or early 1990s and slight increases of 5 decibels on his June 1988 entrance and May 1993 separation audiograms at 2000 and 6000 Hertz in the right ear and 500, 3000, and 4000 Hertz in the left ear.

All opinions must be supported by detailed rationale. If the opinion cannot be provided without resort to speculation, the examiner should explain why, and state whether the inability is due to the absence of evidence or limits of scientific/medical knowledge.

5. If, and only if, service connection is granted for the left foot, schedule an examination for the left knee and request the examiner address the following:

a. Was the Veteran’s current left knee disability (strain) at least as likely as not caused by the left foot disability?

b. Was the Veteran’s current left knee disability at least as likely as not aggravated by the left foot disability? If aggravation is found, provide a baseline level of disability.

The examiner should consider all relevant lay and medical evidence, including the Veteran’s report in January 2017 that his left knee symptoms began shortly after the left foot injury. All opinions must be supported by detailed rationale. If the opinion cannot be provided without resort to speculation, the examiner should explain why, and state whether the inability is due to the absence of evidence or limits of scientific/medical knowledge. 

 

A. S. CARACCIOLO

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A.P. Armstrong